IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND DELEON, JR., )<br>    ID #1289555, )<br>        Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:06-CV-2210-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 to challenge his sentence for a conviction for aggravated sexual assault of a child in Cause No. F98-43492-LM. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On August 14, 1998, petitioner pled guilty to aggravated sexual assault of a child under fourteen years of age. (State Habeas Transcript at 39-42). Pursuant to a plea agreement, the trial court deferred adjudication and placed petition on community supervision for a period of ten years. (S.H.Tr.:39-40, 43, 53). On February 25, 2005, after pleading true to the State's allegation that he violated conditions of his probation, petitioner was adjudicated guilty and sentenced to life

imprisonment. (S.H.Tr.:48-49). Petitioner did not file an appeal after either his initial plea or the adjudication proceeding.

On November 1, 2005, petitioner filed a state application for writ of habeas corpus. (S.H.Tr.:2). The Court of Criminal Appeals denied petitioner's state application on November 8, 2006, without written order on the findings of the trial court without an evidentiary hearing. (S.H.Tr.:cover).

On November 28, 2006, petitioner filed the instant petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent filed an answer on March 12, 2007, (*see* Answer) and provided the state court records. Petitioner filed a reply to that motion on May 10, 2007. (*see* Objection to Answer).

## C. Substantive Issues

Petitioner asserts that: (1) his initial plea was involuntary because he was not properly admonished during his plea hearing regarding the consequences of a violation of deferred adjudication probation; (2) his counsel at his plea hearing was ineffective for failing to admonish him about the consequences of a violation of deferred adjudication probation; (3) his constitutional rights were violated because his probation violation was based on statement from a lie detector examiner who did not testify in court and because petitioner was coerced into falsely admitting to the examiner that he had used crack cocaine and probation was revoked based on this admission; (4) he has been denied his right to appeal because he was not properly admonished by the trial court at his revocation hearing regarding his appellate rights; and (5) his trial attorney at his revocation hearing was ineffective for failing to advise him of his right to appeal.

2

**D. Exhaustion**

Respondent does not contend that petitioner failed to exhaust claims at the state level.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.

3

*Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  GUILTY PLEA

In his first claim, petitioner asserts that his guilt plea was involuntary because he was not

admonished by the trial court at his plea hearing that he could be sentenced to a term greater than ten years if his deferred adjudication probation was revoked. In his second claim, petitioner asserts that his attorney was ineffective because he erroneously advised him that the court could sentence him to a ten-year sentence if he violated the conditions of probation when in actuality he was subject to the full range of punishment for a first-degree felony. Respondent contends that these two claims are both time-barred and without merit.

A. <u>Statute of Limitations</u>

With regard to respondent's contention that these two claims are time-barred, Title I of the AEDPA substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). In the instant case, therefore, the final judgment date with respect to these two claims concerning his guilty plea was August 14, 1998, and this conviction became final thirty days later. *See* TEX. R. APP. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed . . . within 30 days after the day sentence was

5

imposed or suspended in open court, or after the day the trial court enters an appealable order"). Because petitioner did not file his federal petition within one year after this date, these two claims are time-barred.

**B.     Tolling**

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state application for writ of habeas corpus on November 1, 2005, the one-year period of limitations had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed November 28, 2006.

In addition, nothing in the petition or supporting memorandum indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). A petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In this case, petitioner did not file his state writ until more than seven years after his August 14, 1998 conviction became final, on September 13, 1998.

Because neither statutory nor equitable tolling save petitioner's November 28, 2006 federal

6

filing, his claims relating to his guilty plea should be deemed untimely.

C.     <u>**Voluntariness of Plea**</u>

These claims fail on their merits as well. A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Therefore, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742 (1970); *Boykin*, 395 U.S. 238; *Johnson v. Zerbst*, 304 U.S. 458 (1938)). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the

7

plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin*, 395 U.S. at 244). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. A guilty plea "entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam).

Moreover, guilty pleas are "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970)). With respect to guilty pleas, "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). However, once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States*

*v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The record reflects that when petitioner pled guilty before the trial court on August 14, 1998, he signed a document pleading guilty to aggravated sexual assault of a child and waiving his right to a jury trial. (S.H.Tr.:41-42). He also signed a plea bargain agreement stating that he was to be sentenced to ten years deferred adjudication probation. (S.H.Tr.:43). Petitioner signed a document entitled "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment" stating that the range of punishment for aggravated sexual assault of a child is five to ninety-nine years or life confinement in TDCJ. The document further states that if petitioner received deferred adjudication and violated the conditions of his probation, guilt could be adjudicated, and the full range of punishment would be applicable. Finally, this document contains the following statement above the signature lines for the defendant and defense counsel:

> I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonitions, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the Court in this document.

(S.H.Tr.:44).

At the state habeas level, petitioner's counsel at his plea hearing, Michael Byck, submitted

an affidavit. In this affidavit, Byck states that he recalls being appointed to represent petitioner and recalls that petitioner was interested in being given probation so that he could avoid incarceration. Byck further states in his affidavit that his notes reflect that he had lengthy talks with petitioner on three separate days regarding the plea agreement of ten years deferred adjudication, including the necessity to register as a sex offender and the dangers of deferred adjudication. Finally, Byck states that while he does not specifically recall advising petitioner regarding the range of punishment should he violate probation, he was certain that he did advise petitioner that he would be subject to the full range of punishment because he advises all clients of such information, especially where a defendant is pleading guilty to a first-degree felony with a wide range of punishment. (S.H.Tr.:34). The trial court found Byck to be trustworthy, his affidavit to be worthy of belief, and the statements in his affidavit to be true. (S.H.Tr.:30). The trial court found that petitioner was represented by an attorney "who exercised all of the skill and expertise which one could reasonably of an attorney" and that petitioner was not denied his right to effective assistance of counsel at his plea hearing. (S.H.Tr.:30). The trial court also found that petitioner was thoroughly and properly admonished about the meaning and consequences of his plea, and it concluded that petitioner's guilt plea was knowingly and voluntarily entered. (S.H.Tr.:30-31). The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. (S.H.Tr. at cover). The trial court's factual findings are not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, and the conclusion is not contrary to federal law.

The record before this Court is that petitioner was admonished by the trial court that should his deferred adjudication community supervision be revoked, he could receive any sentence in the

sentence range of five to ninety-nine years or life. Trial counsel's affidavit, found to be credible by the trial court, states that counsel had extensive discussions with petitioner regarding the plea agreement and advised petitioner that he was subject to the full range of punishment for a first-degree felony if he violated the conditions of his deferred adjudication probation.[1] The record therefore does not support petitioner's assertion that he was never advised by either the trial court or his attorney that, should he violated the terms of his deferred adjudication probation and his guilt be adjudicated, he could receive a sentence anywhere within the range of a first degree felony. Petitioner has not overcome the presumption of regularity and "great weight" accorded state court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state court records are accorded "great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state court records are entitled to a "presumption of regularity"). Petitioner made a knowing and voluntary plea of guilty after receiving effective assistance of counsel. Accordingly, petitioner's first two claims entitle him to no habeas relief.

## IV. ADJUDICATION HEARING

In his third ground for relief, petitioner asserts that his constitutional rights were violated because the adjudication of his guilt was based on a statement he made during a polygraph examiner that he was coerced into making, and because the examiner did not testify at the adjudication

---

[1] Moreover, the record reflects that, on March 25, 2004, pursuant to a motion by the State to adjudicate petitioner's guilt, petitioner signed a plea agreement in which he pled true to violating probation conditions. This document also states that should his guilt be adjudicated, his punishment could be assessed anywhere within the range of punishment provided for the offense. (S.H.Tr.:56-7). As a result of this plea agreement, the trial court continued petitioner's deferred adjudication probation for an additional ten years with the additional requirements that petitioner serve 180 days as a condition of probation and that he submit to a polygraph examination every six months. (S.H.Tr.:47). Accordingly, the record further reflects that at this point, petitioner was again advised that he would be subject to the full range of punishment for a first-degree felony should his guilt be adjudicated.

11

hearing. In particular, petitioner alleges that his due process rights and his right to confrontation were violated because the examiner's out-of-court statement that petitioner told him that he had used cocaine was used as the basis for the adjudication of guilt. Petitioner further alleges that his rights were violated because the examiner advised him to admit using crack cocaine without counsel present in order to pass the examination, and because the court should have ordered a drug test to determine whether petitioner used crack cocaine.

The state court records do not indicate the specific basis for the adjudication of guilt in petitioner's case. The trial docket included in the state habeas record states, however, that petitioner pled true to violating two conditions of his probation by way of an open plea to the court and was sentenced to life in prison. (S.H.Tr.:48). Moreover, at the state habeas level, petitioner's revocation hearing counsel, George Barrera, submitted an affidavit. In this affidavit, Barrera states that he was hired by petitioner's parents to try and reduce the State's recommended sentence on a probation violation. Barrera further states in his affidavit that after meeting with the prosecutor on several occasions, he was successful in lowering the plea recommendation to ten years in prison, but petitioner was unwilling to accept this plea agreement even though strongly encouraged to do so by Barrera. Instead, petitioner "went directly" to the judge for punishment because he wanted to be sentenced to time served, and petitioner admitted during his testimony at the hearing that he violated the conditions of probation. (S.H.Tr.:35). Petitioner does not dispute Barrera's rendition of the facts in any of his pleadings.

In its findings, the trial court found Barrera to be trustworthy, his affidavit to be worth of belief, and the statements in his affidavit to be true. (S.H.Tr.:30). The trial court then found that petitioner's plea of true was accepted after the court thoroughly and properly admonished petitioner

about the meaning and consequences of his plea, and the trial court concluded that petitioner's plea of true was knowingly and voluntarily entered. (S.H.Tr.:30-31). The record reflects that petitioner pled true to violating the conditions of his deferred adjudication probation.

"It is well established that due process must be afforded probationers in connection with the revocation of probation." *Jones v. Johnson*, 230 F.3d 825, 827 (5th Cir. 2000) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Black v. Romano*, 471 U.S. 606, 610 (1985) (citing *Bearden v. Georgia*, 461 U.S. 660, 666 & n.7 (1983)). At a probation revocation hearing, the probationer must be given an opportunity to be heard and to show, if possible, that he did not violate the conditions, or if he did, that mitigating circumstances suggest that the violation does not warrant revocation. *United States v. Turner*, 741 F.2d 696, 697 (5th Cir.1984), (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). However, when it is determined that a person charged with a probation violation admits the violation charged, these procedural safeguards are unnecessary. *United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988).

Had petitioner chosen to plead not true to any of the allegations that he had violated the conditions of his probation, he would have been entitled to that which he complains he was denied. Because petitioner pled true to violating the conditions of his deferred adjudication probation, he was not entitled to due process safeguards, and he waived his right to confront any witnesses against him. The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. (S.H.Tr. at cover). This decision is not contrary to federal law. Petitioner's third ground for relief entitles him to no relief.

## V. RIGHT TO APPEAL

In his fourth ground for relief, petitioner alleges that he was denied his constitutional right to appeal after the adjudication hearing because the trial court failed to properly admonish him regarding this right.

Under Texas law, a criminal defendant who was placed under deferred adjudication probation and later is adjudicated guilty may appeal, but the appeal is limited to matters related to the sentence. A defendant may not raise issues on appeal related to the decision to adjudicate and may not at that point appeal matters related to the original plea proceeding. TEX. CODE. CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon 2006); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Petitioner has failed to present clear and convincing evidence disputing the factual findings by the state habeas court that his plea of true was made after he was fully admonished about the consequences of the plea and that his attorney advised him of his right to appeal. Accordingly, the trial court's factual findings are not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, and the conclusion is not contrary to federal law. This claim entitles petitioner to no relief.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth ground for relief, petitioner alleges that his attorney for the adjudication hearing was ineffective because he failed to advise petitioner of his right to appeal.

To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To determine whether counsel's

performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted).

Barrera's affidavit at the state habeas level states that he informed petitioner of his right to appeal the sentence, but Barrera never heard from either petitioner or his parents after his guilt was adjudicated. (S.H.Tr.:35). The trial court found Barrera to be trustworthy, his affidavit to be worth of belief, and the statements in his affidavit to be true. (S.H.Tr.:30). The trial court found that petitioner was represented by an attorney "who exercised all of the skill and expertise which one could reasonably of an attorney" and that petitioner was not denied his right to effective assistance of counsel at his adjudication hearing. (S.H.Tr.:30). The trial court also found that petitioner's plea of true was accepted after the court thoroughly and properly admonished petitioner about the meaning and consequences of his plea, and the trial court concluded that petitioner's plea of true was knowingly and voluntarily entered. (S.H.Tr.:30-31). The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. (S.H.Tr. at

cover).

Moreover, petitioner has not alleged any claim that he wanted to present on appeal, but was prevented from doing. In that regard, the only claim petitioner could have made on direct appeal would have been one concerning the life sentence he received, and under Texas law a sentence imposed by a trial court is reviewed on direct appeal under an abuse of discretion standard. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Given that petitioner was convicted of the aggravated sexual assault of a child, he cannot show an abuse of discretion, nor does he attempt to do so. The other claims the petitioner has raised were considered on their merits and determined to be without merit by both the state habeas court and this Court. Petitioner would have received no greater level of review on direct appeal had he filed one after he was adjudicated guilty, and he has therefore failed to show any prejudice under the *Strickland* standard. Petitioner's fifth ground entitles him to no relief.

## VI. STATE CONSIDERATION OF CLAIMS

Petitioner raised all of his claims in his state writ. The Court of Criminal Appeals denied the state writ on the findings of the trial court, and thus petitioner's claims were adjudicated on the merits. This decision at the state level is consistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition.

## VII. RECOMMENDATION

The Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED on this 4th day of December**, 2008.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE